DuQuoin Star Coal Mining Company

v.

John Thorwell.

1. CONTRACT FOR LABOR—DISCHARGE FOR INCOMPETENCY.—Where a servant or laborer is discharged from service for incompetency, he is entitled to recover only for wages due him up to the time of such dismissal. The

testimony in this case proving conclusively the incompetency of appellee, the company had a right to discharge him, and a verdict in his favor for the amount of wages for the unexpired term cannot be supported.

2. INSTRUCTIONS—EVIDENCE AS TO DUTY OF EMPLOYEE.—An instruction that the only evidence as to the duties of an overseer or pit boss to be considered, is the by-laws of the company, relating to such duties, does not give a correct statement of the law, and is erroneous.

3. EVIDENCE OF PROCEEDINGS OF BOARD OF DIRECTORS.—It was erroneous to instruct the jury that if the articles of organization of the company required a written record to be kept of all proceedings of the board of directors, then, unless such a record is kept, oral evidence of the facts required to be kept could not be considered.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

Mr. S. G. PARKS, for appellant.

Messrs. T. T. & D. W. FOUNTAIN, for appellee; that where the evidence is conflicting, the court will not disturb the verdict, cited Evans v. Fisher, 5 Gilm. 569; Race v. Oldridge, 11 Chicago Legal News, 169.

The appellant is a corporation, and can only exercise its functions in the manner authorized by its charter. Metropolitan Bank v. Godfrey, 23 Ill. 604.

ALLEN, J. This suit was brought by plaintiff against defendant in the Perry Circuit Court to the April term, A. D. 1878. Declaration charges that defendant was "pit boss" or foreman in plaintiff's mine; that he commenced his duties as such on the first day of February, 1877, and that he was discharged from the mine by plaintiff on the 6th of October, 1877, that he had supervision and control of the mines and the stock in the mine, and that by defendant's negligence, carelessness and want of skill, the plaintiff suffered damages to the amount of $2,500. Defendant filed a plea of set-off. Upon a trial in the Circuit Court the jury found for the defendant, and assessed his damages at $330. A motion for new trial was entered and over-ruled by the court. Defendant remitted $130 and the court rendered judgment against the plaintiff for $200 and costs.

There were many witnesses examined for plaintiff on the trial, and some contradiction as to the want of skill displayed in the management of the mine by defendant, and some wild guessing at the damages the plaintiff sustained by defendant's negligence and disregard of duty while in control of the mine. From the drift of the testimony we are satisfied that plaintiff suffered some loss by reason of the want of skill or inattention to duty on the part of defendant; but how the jury arrived at their verdict or upon what testimony they found for the defendant the sum of $330, we are at a loss to determine. The defendant testifies that a written notice to quit was served on him by the president of the company on the 9th of October, 1877; that he notified Henry Horn, superintendent, that he was willing to work, and that he should hold the company responsible for his wages; that he had not received any pay for services after September, 1877, but that he was satisfied with what he had received up to that time; so that for any actual services performed he was not entitled to more than one month's wages, at any rate. Whether he was entitled to the remainder of the year after he was discharged, must depend upon the question as to whether plaintiff had sufficient cause to justify his discharge.

We regard the evidence of his incapacity or negligence so overwhelming as to remove doubt on this question. Sixteen witnesses, miners, testify to his incapacity or negligence, and several of them show much feeling in the matter. We are not at liberty to disregard their evidence on the question of his incompetency or negligence. Against these witnesses we have the defendant, who contradicts the plaintiff's evidence on this point, and three or four others who speak from their observation of the management in and about the mine. We believe the jury could not disregard the plaintiff's evidence on the question of care and skill. If he lacked either he was unfit for the duties he had assumed, and plaintiff had a right to discharge him. If the plaintiff had a right to discharge him, then he was not entitled to compensation as pit boss after his discharge. The finding of the jury must have been based upon the theory that he was entitled to compensation till the end of the term. They would not have been warranted in allowing him more pay than

DuQuoin Star Coal Mining Co. v. Thorwell.

he had received up till September, for he says he was satisfied with what he had received up to that date; although under his contract he may have been entitled to more pay than he actually received. If what he did receive he received in full satisfaction of his services, that foreclosed all inquiry as to whether he was entitled to more or not. It matters not in our judgment upon what theory the jury found for defendant the sum of $330; the finding could not be supported by the evidence, and the verdict should have been set aside and a new trial awarded. Nor does the remittitur entered by the defendant of $130, cure the error in the finding of the jury.

As we view the evidence, the defendant, if entitled to anything, could recover only for the month of September and nine days of October; so that $80.00 would be all that he would be entitled to on unpaid wages, if entitled to anything. Appellant excepted to the 1st, 3d, 4th, 7th, 8th and 9th instructions given by the court for defendant. We think the 3d and 4th instructions are wrong; the 3d instructs the jury that the only evidence that the jury can consider as to the duty of pit-boss, is the by-laws of the company relating to such duties. The 4th instructs the jury that "if they believe that the articles of organization of plaintiff's company require a written record to be kept of all proceedings of the board of directors and stockholders of the company, then, unless the board keep such record, oral evidence of the facts required to be kept could not be considered. These instructions were both calculated to mislead the jury; neither of them lay down the law correctly, and both should have been refused. To the remaining instructions we see no valid objection. For the reasons above given, we reverse the judgment of the Circuit Court, and remand the cause.

Reversed and remanded.